**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CII PARENT INC.,<br><br>                        Debtor.[1] | )<br>)<br>) Chapter 11<br>)<br>) Case No. 22-11345 (LSS)<br>)<br>) |

## ORDER ENFORCING THE AUTOMATIC STAY

Upon the motion ("Motion")[2] of the above-captioned debtor and debtor in possession ("CII" or the "Debtor"), for entry of an order (this "Order") enforcing the automatic stay; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests

---

[1] The last four digits of Debtor CII Parent, Inc.'s tax identification number are 4706. The location of the Debtor's service address for purposes of this Chapter 11 case is 21 Custom House Street, Boston, Massachusetts 02110.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

of the Debtor and its estate; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay is hereby enforced against Twin Brook, and Twin Brook shall take no further action with respect to the Applicable Subsidiaries without further order of the Court.

3. Twin Brook is hereby directed to (a) formally rescind the amendments of the applicable bylaws, operating agreements, and/or other corporate governance documents that purported to, among other things, remove certain directors and/or managers of the Applicable Subsidiaries, adjust the size of each board of directors and/or managers, as applicable, of each Applicable Subsidiary, and appoint replacement directors and/or managers for each Applicable Subsidiary, (b) cease exercising control over the Applicable Subsidiaries, and (c) immediately inform management of the foregoing.

4. The Debtor is authorized and empowered to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

5. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.