# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CII PARENT, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-11345 (LSS)<br><br>Hearing Date: N/A<br>Objection Deadline: N/A |

**MOTION OF TWIN BROOK CAPITAL PARTNERS, LLC, AS AGENT,
FOR ENTRY OF AN ORDER (I) SCHEDULING A STATUS CONFERENCE;
AND (II) SHORTENING THE NOTICE PERIOD FOR MOTION OF TWIN BROOK
CAPITAL PARTNERS, LLC, AS AGENT, FOR AN ORDER DISMISSING OR
ABSTAINING FROM HEARING THE DEBTOR'S CHAPTER 11 CASE**

Twin Brook Capital Partners, LLC, in its capacity as agent (the "Agent") for the lenders under the prepetition secured credit facility provided to the above-captioned Debtor's subsidiaries, by its undersigned counsel, having contemporaneously filed herewith the *Motion of Twin Brook Capital Partners, LLC, as Agent, For an Order Dismissing or Abstaining From Hearing the Debtor's Chapter 11 Case* (the "Motion to Dismiss"),[2] hereby submits this motion (this "Motion to Shorten"), pursuant to Rules 2002(a)(4) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) scheduling a status conference at the earliest convenience of the Court to address an appropriate hearing date for the Motion to Dismiss and the pending *Debtor's Motion for Entry of an Order Enforcing the Automatic Stay and Granting Related Relief*

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: CII Parent, Inc. (4706). The location of the Debtor's address is 21 Custom House Street, Boston, MA 02110.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion to Dismiss.

30051930.2

[Docket No. 12] (the "Automatic Stay Motion"); or (ii) alternatively, shortening the time for notice of the hearing to consider approval of the Motion to Dismiss so that the matter may be heard prior or in conjunction with the Automatic Stay Motion at the hearing currently scheduled for February 9, 2023 at 2:00 p.m. (the "Hearing"), with objections or responses to the relief requested in the Motion to Dismiss due by 4:00 p.m. on February 3, 2023 (the "Proposed Objection Deadline"). In support of this Motion to Shorten, the Agent respectfully states as follows:

1. Late in the evening on Friday, January 13, 2023, the Debtor filed the Automatic Stay Motion, which is scheduled for hearing on February 9, 2023, with objections due on or before January 27, 2022. In connection therewith, earlier this afternoon, the Debtor served its first set of requests for production of documents and deposition notices to the Agent. Thereafter, the Agent filed the Motion to Dismiss the Chapter 11 Case. The Agent respectfully requests that the Court schedule a status conference at its earliest convenience to address an appropriate schedule to govern the Motion to Dismiss, the Automatic Stay Motion and any pending or future discovery requests. In particular, the Agent submits that the Motion to Dismiss should be adjudicated before the Automatic Stay Motion as such Automatic Stay Motion will be mooted if the Court were to dismiss the Chapter 11 Case. Likewise, any discovery associated with the Automatic Stay Motion should be stayed until the Motion to Dismiss can be decided.

2. Alternatively, the Agent respectfully requests that the Court shorten the notice period by one (1) day so that the Motion to Dismiss may be heard at the Hearing. Bankruptcy Rule 2002(a)(4) requires twenty-one (21) days' notice of a motion to dismiss a chapter 11 case. Bankruptcy Rule 9006(c), however, provides that "when an act is required or allowed to be done at or within a specified time by [the Bankruptcy Rules]…the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Indeed, as reflected in section 102(1) of title 11, United States Code ( the "Bankruptcy Code"), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *see also Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").

3. The Agent submits that cause exists to justify shortening the notice period required by Bankruptcy Rule 2002(a)(4) from twenty-one (21) days to twenty (20) days. The Motion to Dismiss should be heard prior to or in conjunction with the Automatic Stay Motion, which is currently scheduled to be heard on February 9, 2023. Many of the allegations contained in the Automatic Stay Motion will be addressed through adjudication of the Motion to Dismiss, thus promoting the interests of judicial economy and the best interests of all parties. And, as noted above, if the Motion to Dismiss is granted, the relief requested in the Automatic Stay Motion will be mooted.[3]

4. Furthermore, the Agent's request to shorten the notice period herein will not substantially prejudice parties in interest. First, the Agent is requesting that the notice period be shortened by only one (1) day. Moreover, the Proposed Objection Deadline is February 3, 2023,

---

[3] The Agent reserves its right to object to the proposed discovery requests, including filing a motion to stay such discovery pending adjudication of the Motion to Dismiss.

30051930.2
3

providing parties with fourteen (14) days to object (which is the same amount of time allotted under the applicable rules).

5.    To compensate for the reduced notice period, the Agent will serve the Motion to Dismiss by electronic mail, overnight and/or hand delivery on the Debtor and the U.S. Trustee.

6.    Based on the foregoing, the Agent submits that cause exists to justify shortening notice of the Motion to Dismiss by one (1) day so that it may be heard at the Hearing in conjunction with the Automatic Stay Motion, with any objections to the Motion to Dismiss due on or before the Objection Deadline, or alternatively, to schedule a status conference at the earliest convenience of the Court to address the scheduling of a consensual hearing date for both pleadings.

### **LOCAL RULE 9006-1(e) CERTIFICATION**

7.    In accordance with Local Rule 9006-1(e), prior to filing this Motion to Shorten, counsel to the Agent notified counsel to the Debtor and the United States Trustee of the Agent's intent to seek a shortened notice period for the Motion to Dismiss and a status conference at the earliest convenience of the Court.  Neither the Debtor nor the United States Trustee have provided their respective positions regarding the relief requested herein.

WHEREFORE, for the reasons stated above, the Agent respectfully requests that the Court (a) enter the proposed form of order attached hereto as <u>Exhibit A</u>, and (b) grant such other relief as the Court deems just and proper.

Date: January 20, 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

<u>/s/ Kara Hammond Coyle</u>
James P. Hughes, Jr. (No. 3102)
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
James M. Yoch, Jr. (No. 5251)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Email:  jhughes@ycst.com
           mnestor@ycst.com
           kcoyle@ycst.com
           jyoch@ycst.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
Peter P. Knight (admitted *pro hac vice*)
Terence G. Banich (admitted *pro hac vice*)
Allison E. Yager (admitted *pro hac vice*)
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Email:  peter.knight@katten.com
           terence.banich@katten.com
           allison.yager@katten.com

*Counsel for Twin Brook Capital Partners, LLC, as Agent*