**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CII PARENT, INC.,<br><br>              Debtor. | ) Chapter 11<br>)<br>) Case No. 22-11345 (LSS)<br>)<br>) **Hearing Date**:<br>) **February 22, 2023 at 11:00 a.m. (ET)**<br>) **Objection Deadline:**<br>) **February 9, 2023 at 4:00 p.m. (ET)** |

**APPLICATION OF DEBTOR CII PARENT, INC. FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GLENN AGRE BERGMAN & FUENTES LLP AS COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

CII Parent, Inc. (the "Debtor"), the debtor and debtor in possession in this Chapter 11 case (the "Chapter 11 Case"), respectfully submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Sections 327 and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtor to employ and retain Glenn Agre Bergman & Fuentes LLP ("Glenn Agre") as counsel to the Debtor, *nunc pro tunc* to December 27, 2022. In support of this Application, the Debtor relies upon the declarations of Andrew K. Glenn (the "Glenn Declaration"), managing partner at Glenn Agre, attached hereto as **Exhibit B**, and Thomas Radford, president of CII Parent, Inc., attached hereto as **Exhibit C**, and respectfully states as follows:

**JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the*

*District of Delaware*, dated February 29, 2012. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are Sections 327 and 328(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules.

3. Pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. On December 27, 2022 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code.

5. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), nor has a trustee or examiner been appointed in this Chapter 11 Case.

6. The Debtor is a holding company that conducts its business through its operating subsidiaries. The Debtor and its non-debtor affiliates are a leading provider of end-to-end management software for homeowners' associations and related entities.

## RELIEF REQUESTED

7. By this Application, the Debtor seeks entry of an order, pursuant to Sections 327 and 328(a) of the Bankruptcy Code, authorizing the employment and retention of Glenn Agre as counsel to the Debtor, to perform necessary legal services pertaining to this Chapter 11 Case, *nunc pro tunc* to the Petition Date, as more fully described herein, and in accordance with the terms and

conditions set forth in that certain engagement letter between the Debtor and Glenn Agre dated December 23, 2022 (the "Engagement Agreement"), a copy of which is attached as **Exhibit 1** to the Glenn Declaration and incorporated herein by reference.

## GLENN AGRE'S QUALIFICATIONS

8.     Glenn Agre is a national law firm with its principal office in New York, New York, and a second office in San Francisco, California. The Debtor has selected Glenn Agre as its counsel because of Glenn Agre attorneys' extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations, and their expertise, experience, and knowledge practicing before bankruptcy courts, including this Court.

9.     Attorneys at Glenn Agre have served as counsel to debtors, trustees, creditors' committees and creditors in many large bankruptcy proceedings. *See, e.g.*, *In re MTE Holdings, LLC*, Case No. 19-12269 (CSS) (Bankr. D. Del. 2019) (counsel for debtors); *In re Borders Group, Inc.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. 2011) (counsel for debtors); *In re Ninety-Five Madison Company, L.P.*, Case No. 21-10529 (DSJ) (Bankr. S.D.N.Y. 2021) (counsel to debtor); *In re LATAM Airlines Group S.A., et al.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. 2020) (counsel for ad hoc committee of shareholders); *In re The Hertz Corporation*, *et al.*, Case No. 20-11218 (MFW) (Bankr. D. Del. 2020) (counsel for ad hoc committee of shareholders); *In re Garrett Motion Inc.*, *et al.*, Case No. 20-12212 (MEW) (Bankr. S.D.N.Y. 2020) (counsel for official committee of equity securities holders); *In re Covia Holdings, Inc.*, Case No. 20-33295 (Bankr. S.D. Tex. 2020) (special counsel to creditors' committee); *In re Exco Resources*, Case No. 18-30155 (MI) (Bankr. S.D. Tex. 2018) (counsel for senior secured lenders); *In re SunEdison Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. 2016) (counsel for ad hoc committee of second lien lenders); *In re ESML Holdings Inc. et al.*, Case No. 16-11626 (BLS) (Bankr. D. Del. 2016)

(counsel for official committee of unsecured creditors and unsecured creditor litigation trust); *In re Hercules Offshore, Inc., et al.*, Case No. 16-11385 (KJC) (Bankr. D. Del. 2016) (counsel for official equity committee); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. 2014) (counsel for ad hoc group of legacy noteholders); *In re Adelphia Communications Corp.*, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. 2002) (counsel for official committee of unsecured creditors); and *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001) (counsel for various creditors).

10. Accordingly, Glenn Agre has the necessary capabilities and expertise to serve as counsel for the Debtor and deal effectively with the potential legal issues that may arise in the Chapter 11 Case. Based on the foregoing, the Debtor believes that Glenn Agre is both well qualified and able to represent it in an efficient and timely manner.

## **SERVICES TO BE PROVIDED**

11. The Debtor requests approval of the retention and employment of Glenn Agre for rendering the following necessary legal services as may be required in the Chapter 11 Case, including, among others:

   a) advise the Debtor in connection with its rights, powers and duties as debtor-in-possession in the continued management of its business;

   b) negotiate and prepare all necessary agreements, motions and other documents in connection with any debtor-in-possession financing and use of cash collateral;

   c) attend meetings and negotiate with representatives of creditors and other parties-in-interest;

   d) take necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor and representing the Debtor's interests in negotiations concerning litigation in which the Debtor is involved, including, but not limited to, objections to claims filed against the estate;

   e) prepare, on behalf of the Debtor, all necessary motions, applications,

     answers, orders, reports, and papers in support of positions taken by the Debtor and necessary to the administration of the estate;

 f) negotiate and prepare, on behalf of the Debtor, a plan of reorganization and all related documents;

 g) advise the Debtor in connection with any sale of assets;

 h) appear before this Court and any appellate courts in connection with the Chapter 11 Case; and

 i) perform other necessary legal services and provide other necessary legal advice to the Debtor in connection with the Chapter 11 Case.

12. The Debtor has informed Glenn Agre, and Glenn Agre understands, that the Debtor plans to file retention applications for other professionals in this Chapter 11 Case, including for Morris, Nichols, Arsht & Tunnell LLP as proposed Delaware counsel to the Debtor. The Debtor anticipates that the coordination of efforts by and among the Debtor's attorneys and any other professionals retained by the Debtor will substantially contribute to the efficient and effective administration of the Chapter 11 Case.

## **PROFESSIONAL COMPENSATION**

13. The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any procedures or orders of the Court as are applicable to this Chapter 11 Case, proposes to compensate Glenn Agre at its regular hourly rates for legal and non-legal personnel.

14. Glenn Agre's hourly billing rates on the Petition Date were as follows:

| Partners | $950 - $1,250 |
|---|---|
| Associates | $475 - $825 |
| Paralegals | $325 |
| Senior Analysts | $375 |

15. Glenn Agre has informed the Debtor that its hourly rates may change from time to time in accordance with Glenn Agre's established billing practices and procedures to reflect

5

economic and other conditions, and, generally, are adjusted in January of each year. Accordingly, on January 1, 2023, Glenn Agre instituted hourly rate increases firm-wide in the ordinary course of business. Glenn Agre's current hourly billing rates, which are charged the same for both bankruptcy and non-bankruptcy clients, are as follows:

| Partners | $1,000 - $1,500 |
| --- | --- |
| Associates | $625 - $1,075 |
| Paralegals | $325 |
| Senior Analysts | $375 |

16. The above-hourly billing rates (the "Hourly Rates") to be charged by Glenn Agre for services to be rendered to the Debtor in this Chapter 11 Case shall be the same hourly billing rates as charged to its other clients. The Hourly Rates are set at a level designed to compensate Glenn Agre fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The Hourly Rates vary with the experience and seniority of the individuals assigned. Glenn Agre will provide notice of any rate increases to the Debtor and the U.S. Trustee.

17. Further, and consistent with Glenn Agre's policy with respect to its other clients, Glenn Agre will charge the Debtor for reimbursement of costs, out of pocket expenses, and disbursements incurred in the rendition of services. These include but are not limited to: computerized research, travel, word processing, process service, and other costs, expenses, and disbursements as set forth in the Engagement Agreement.

18. The Debtor desires to employ Glenn Agre under a general retainer because of the extensive legal services that will be required in connection with the Chapter 11 Case. As set forth in the Glenn Declaration, Glenn Agre received a retainer in the amount of $400,000.00 (the "Initial

Retainer").[1]  Glenn Agre was in receipt of the full amount of the Initial Retainer on December 27, 2022, which was the first possible business day that payment could be made in light of the Christmas holiday.[2]  Pursuant to the Engagement Agreement, Glenn Agre agreed to receive $75,000.00 as a one-time, fixed fee for services Glenn Agre performed pre-petition (the "Pre-Petition Fee").  These pre-petition services, which occurred during the week and weekends of the Christmas and New Year holidays, required substantial, urgent work to prepare the Debtor's filing of this Chapter 11 Case.  Glenn Agre applied the Pre-Petition Fee against the Initial Retainer on December 27, 2022 and did not accept any other form of payment on behalf of work performed pre-petition.  The remaining total balance of the Initial Retainer is $325,000.00.

19. The Debtor understands that Glenn Agre intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules governing professional compensation and reimbursement for fees and expenses charged. Glenn Agre will seek compensation for the services of each professional and paraprofessional acting on behalf of the Debtor in this Chapter 11 Case at the then-current rate charged for such services as described in the Glenn Declaration. Glenn Agre also intends to make a reasonable effort to comply with U.S. Trustee requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "U.S. Trustee Guidelines"), both in connection with this Application and any interim and final fee applications

---

[1] The Debtor's equity sponsor, Falcon Structured Equity Partners, L.P., funded the Initial Retainer because the Debtor did not have a cash management system, nor an operating bank account, as of the filing of this Chapter 11 Case.

[2] As noted herein, Glenn Agre entered into the Engagement Agreement on December 23, 2022.

7

to be filed by Glenn Agre in this Chapter 11 Case. To that end, the Glenn Declaration includes information provided by Glenn Agre pursuant to paragraph D.1 of the U.S. Trustee Guidelines.

20. Pursuant to Bankruptcy Rule 2016(b), Glenn Agre has no agreement with any other entity to share any compensation received by Glenn Agre, except as permitted under Section 504(b)(1) of the Bankruptcy Code.

21. The Debtor respectfully submits that the retention of Glenn Agre on the terms and conditions set forth herein, in the Glenn Declaration, and in the Engagement Agreement is necessary and in the best interests of the Debtor, it estate, the Debtor's stakeholders, and all other parties in interest.

## GLENN AGRE'S DISINTERESTEDNESS

22. To the best of the Debtor's knowledge, and as detailed in the Glenn Declaration, (i) Glenn Agre is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, (ii) Glenn Agre does not represent any person or entity having an interest adverse to the Debtor in connection with the Chapter 11 Case, (iii) Glenn Agre does not hold or represent an interest adverse to the Debtor's estate with respect to matters on which Glenn Agre is employed and (iv) Glenn Agre has no connection to the Debtor, its creditors or any other party-in-interest except as disclosed herein and in the Glenn Declaration.

23. The Debtor has been informed that Glenn Agre will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Glenn Agre will supplement its disclosure to the Court as required by Bankruptcy Rule 2014(a) and Local Rule 2014-1(a).[3]

---

[3] The Debtor has requested an extension of the time to file the Debtor's Statement of Financial Affairs and Schedules of Assets and Liabilities. As of the filing of this Application, the Debtor is still collecting information concerning the Debtor's financial condition, and reserves the right to supplement the list of Potential Parties in Interest attached as Exhibit 2 to the Glenn Declaration.

## BASIS FOR RELIEF

24.     The Debtor seeks to appoint Glenn Agre as its counsel in accordance with Sections 327(a) and 328(a) of the Bankruptcy Code.  Section 328(a) authorizes a debtor, with the Court's approval, to employ a "professional person under section 327 . . . of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

25.     Section 327(a), in turn, provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

26.     The Debtor submits that for all the reasons stated above and in the Glenn Declaration, the retention and employment of Glenn Agre as counsel to the Debtor is warranted under Sections 327(a) and 328(a) of the Bankruptcy Code.  Additionally, the Debtor believes that no party in interest will be prejudiced by the granting of the employment *nunc pro tunc* to the Petition Date, as provided in this Application, because Glenn Agre has provided and continues to provide valuable services to the Debtor's estate.  *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986) (citing the absence of prejudice, among other factors, as a consideration favoring *nunc pro tunc* relief).  Further, as described in the Glenn Declaration, Glenn Agre does not represent any other entity in connection with the Chapter 11 Case other than the Debtor, is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, and does not represent or hold any interest adverse to the interests of the Debtor's estate with respect to the matters for which it is to be employed.

## NOTICE

27.     Notice of this Application shall be provided to: (a) the U.S. Trustee and (b) any

such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## CONCLUSION

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 26, 2023

> CII PARENT, INC., Debtor and Debtor-in-Possession
> By: Thomas Radford
>
> By: */s/ Thomas Radford*