**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 22-11345 (LSS) |
| CII PARENT, INC., | ) <br> ) |
| Debtor. | ) <br> ) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GLENN AGRE BERGMAN & FUENTES LLP AS COUNSEL TO THE DEBTOR** <u>***NUNC PRO TUNC***</u> **TO THE PETITION DATE**

Upon consideration of the application (the "<u>Application</u>")[1] of CII Parent, Inc. (the "<u>Debtor</u>"), the debtor in this Chapter 11 case (the "<u>Chapter 11 Case</u>"), pursuant to Sections 327 and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>"), for authorization to employ and retain Glenn Agre Bergman & Fuentes LLP ("<u>Glenn Agre</u>") as counsel to the Debtor *nunc pro tunc* to the Petition Date; and upon the Glenn Declaration and the Radford Declaration (the "<u>Declarations</u>"); and the Court having reviewed the Application and the Declarations; and the Court being satisfied, based on the representations made in the Application and the Glenn Declaration, that (i) Glenn Agre does not hold or represent any interest adverse to the Debtor's estate, and (ii) Glenn Agre is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

1

due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor's estate and all parties-in-interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

It is hereby ORDERED that:

1. The Application is granted to the extent set forth herein.

2. In accordance with Sections 327 and 328(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), the Debtor is hereby authorized and empowered to employ Glenn Agre as counsel to the Debtor in this Chapter 11 Case *nunc pro tunc* to the Petition Date, in accordance with the Application, the Engagement Agreement, the Glenn Declaration and this Order, and Glenn Agre is hereby authorized to perform the services set forth in the Application and the Glenn Declaration.

3. In connection with the Chapter 11 Case, Glenn Agre shall be compensated for professional services rendered, and reimbursed for expenses incurred on and after the Petition Date, as set forth in the Application and the Glenn Declaration, in accordance with Sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Rules, the Engagement Agreement, and any other applicable procedures and orders of this Court.

4. Notwithstanding anything in the Engagement Agreement to the contrary, Glenn Agre shall apply any remaining amounts of the Pre-Petition Fee to any outstanding amounts that may not have been processed through Glenn Agre's billing system as of the Petition Date. Glenn Agre shall hold any remaining balance of the Retainer on account of any services rendered and

expenses incurred subsequent to the Petition Date.

5. The conflicts of interest provision in the Engagement Agreement is subject to Section 327(a) of the Bankruptcy Code.

6. Notwithstanding anything in the Engagement Agreement to the contrary, all disputes shall be subject to the jurisdiction of the Bankruptcy Court and shall first be submitted to the Bankruptcy Court.

7. Glenn Agre shall use reasonable efforts to avoid unnecessary duplication of services provided by any of the Debtor's retained professionals in this Chapter 11 Case.

8. Notwithstanding anything in the Application to the contrary, Glenn Agre shall (i) to the extent that Glenn Agre uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in this Chapter 11 Case, pass-through the cost of such Contractors to the Debtor at the same rate that Glenn Agre pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Glenn Agre; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

9. To the extent there are any inconsistencies between the Engagement Agreement, the Application, and this Order, the terms of this Order shall govern.

10. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.