# EXHIBIT C

**Radford Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CII PARENT, INC.,<br><br>　　　　　　　Debtor. | ) Chapter 11<br>)<br>) Case No. 22-11345 (LSS)<br>)<br>)<br>)<br>) |

**DECLARATION OF THOMAS RADFORD IN SUPPORT OF APPLICATION
OF DEBTOR CII PARENT, INC. FOR AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF GLENN AGRE BERGMAN & FUENTES LLP
AS COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

I, Thomas Radford, the Debtor's President, being duly sworn, state the following under penalty of perjury:

1. I am the President of CII Parent, Inc. The location of the Debtor's address for purposes of this Chapter 11 Case is 21 Custom House Street, Boston, Massachusetts 02110. I submit this declaration (the "Declaration") in connection with the application (the "Application")[1] of CII Parent, Inc. (the "Debtor"), the debtor and debtor in possession in this Chapter 11 case (the "Chapter 11 Case"), for authorization to retain and employ Glenn Agre as its counsel *nunc pro tunc* to the Petition Date. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtor's advisors, or my opinion based upon knowledge and experience.

2. The Debtor has selected Glenn Agre Bergman & Fuentes LLP as proposed counsel to the Debtor. In selecting Glenn Agre to represent the Debtor in this Chapter 11 Case, the Debtor

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

1

considered whether Glenn Agre had the expertise in the relevant legal issues and in similar corporate restructurings.

3. Upon information and belief, the Debtor seeks to retain Glenn Agre as lead restructuring counsel in light of, among other reasons, Glenn Agre's extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code. Moreover, since its engagement, I believe Glenn Agre has acquired an in-depth knowledge of the Debtor's capital structure and has gained insight into the current condition of the Debtor's corporate governance issues and key stakeholders. Therefore, I believe that Glenn Agre is well-qualified and well-situated to represent the Debtor in this Chapter 11 Case in an effective, efficient and timely manner.

4. In my capacity as President of the Debtor, I am responsible for supervising outside counsel retained by the Debtor in the ordinary course of business, and I participate in monitoring and controlling costs of the Debtor, including legal costs. Glenn Agre has provided and will be providing professional services to the Debtor under its standard rate structure. Glenn Agre has informed the Debtor that its hourly billing rates under its standard rate structure are consistent among bankruptcy representations. Glenn Agre has further informed the Debtor that its rates and terms under its standard rate structure for non-bankruptcy engagements are the same as the rates and the terms for the Debtor's engagement of Glenn Agre.

5. I understand that effective January 1, 2023, Glenn Agre's standard hourly billing rates are: $1,000 - $1,500 for partners; $625 - $1,075 for associates; and $325 - $375 for paraprofessionals. Glenn Agre has informed the Debtor that Glenn Agre's hourly rates are subject to periodic adjustment in the ordinary course and in accordance with Glenn Agre's standard billing practices.

6. The Debtor understands that Glenn Agre's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of this Chapter 11 Case by various third parties, including the Court, and that such fees and expenses will be subject to the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in this Chapter 11 Case.

7. The Debtor recognizes that it is its responsibility to closely monitor the billing practices of their counsel, including Glenn Agre, to ensure that the fees and expenses paid by the estate remain consistent with the Debtor's expectations and the exigencies of the Chapter 11 Case. The Debtor will continue to review the invoices that Glenn Agre regularly submits, and, together with Glenn Agre, periodically refine and amend any budget and staffing plan as the case develops.

8. For the reasons set forth above, the Debtor believes that Glenn Agre's employment is necessary and in the best interest of the Debtor and its estate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 26, 2023

By: */s/ Thomas Radford*
Thomas Radford
President
CII Parent, Inc.