# **EXHIBIT A**

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> CII PARENT INC., <br><br> Debtor.[1] | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 22-11345 (LSS) <br> ) <br> ) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtor and debtor in possession (the "Debtor") in this chapter 11 case, for entry of an order, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") as bankruptcy co-counsel to the Debtor *nunc pro tunc* to the Petition Date; and upon the Dehney Declaration, the Rule 2016 Statement, and the Radford Declaration, as attached to the Application; and the Court being satisfied that Morris Nichols does not represent any interest adverse to the Debtor's estate that Morris Nichols is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and that the retention and employment of Morris Nichols is in the best interests of the Debtor and its estate; and the Court having jurisdiction over the Application pursuant to 28 U.S.C. § 157(b)(2)(A); and sufficient notice of the Application having been given under the

---

[1] The last four digits of Debtor CII Parent, Inc.'s tax identification number are 4706. The location of the Debtor's service address for purposes of this chapter 11 case is 21 Custom House Street, Boston, Massachusetts 02110.

[2] Capitalized not defined in this Order are defined in the Application.

circumstances; and the Court having determined that the relief requested in the Application is just and proper; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtor is authorized to retain and employ Morris Nichols as its attorney in this chapter 11 case *nunc pro tunc* to the Petition Date.

3. In connection with this chapter 11 case, Morris Nichols shall be compensated for professional services, and reimbursed for expenses incurred, in accordance with Bankruptcy Code sections 330 and 331, the applicable provisions of the Bankruptcy Rules and the Local Rules, and with any other applicable procedures and orders of this Court.  Morris Nichols also intends to make a reasonable effort to comply with the *Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases, Effective as of November 1, 2013* (the "U.S. Trustee Fee Guidelines"), both in connection with the Application and in the interim and final fee applications to be filed by Morris Nichols in this chapter 11 case.

4. Morris Nichols is authorized to hold the Advance Payment less any Final Billed Amount as security throughout the Debtor's bankruptcy case until Morris Nichols's final fees and expenses are awarded and payable to Morris Nichols pursuant to section 330 of the Bankruptcy Code, at which point Morris Nichols shall apply the Advance Payment to any unpaid allowed fees and expenses and return any unearned portion of the Advance Payment to the Debtor.

5. Consistent with the U.S. Trustee Fee Guidelines, Morris Nichols shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and any Official Committee of

Unsecured Creditors before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Application to the contrary, Morris Nichols shall (i) to the extent that Morris Nichols uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in this case, pass-through the cost of such Contractors to the Debtor at the same rate that Morris Nichols pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Morris Nichols; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

7. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtor's retention of Morris Nichols, Morris Nichols shall not seek reimbursement of expenses for office supplies.

8. Morris Nichols shall use reasonable efforts to avoid unnecessary duplication of services provided by any of the Debtor's retained professionals in this chapter 11 case.

9. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.