# Exhibit B

# Dehney Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CII PARENT INC.,<br><br>            Debtor.¹ | ) <br> ) <br> )    Chapter 11 <br> ) <br> )    Case No. 22-11345 (LSS) <br> ) <br> ) |

**DECLARATION OF ROBERT J. DEHNEY IN SUPPORT OF THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b), FED. R. BANKR. P. 2014 AND 2016, AND DEL. BANKR. L.R. 2014-1 AND 2016-1, AUTHORIZING RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

I, Robert J. Dehney, hereby declare under penalty of perjury:

1. I am a partner in the firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), which maintains an office for the practice of law at 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801. I am an attorney at law, duly admitted and in good standing to practice in the state of Delaware as well as the United States District Court for the District of Delaware and U.S. Court of Appeals for the Third Circuit.

2. I submit this declaration (the "Declaration") in connection with the *Debtor's Application for Entry of an Order under 11 U.S.C. §§ 327(a), 328(a), and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtor Nunc Pro Tunc to the Petition Date* (the "Application")² and to provide certain disclosures under

---

¹ The last four digits of Debtor CII Parent, Inc.'s tax identification number are 4706. The location of the Debtor's service address for purposes of this chapter 11 case is 21 Custom House Street, Boston, Massachusetts 02110.

² Capitalized terms not defined in this Declaration are defined in the Application. Morris Nichols does not waive by the Application and this Declaration and their contents, and hereby reserves and preserves, all privileges.

sections 327(a) and 329(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently hereto.[3]

4. By separate applications, the Debtor seeks to retain and employ Glenn Agre Bergman & Fuentes ("Glenn Agre") as bankruptcy counsel in this chapter 11 case. Morris Nichols intends to work cooperatively with Glenn Agre to provide effective and cost-efficient representation of the Debtor in this chapter 11 proceeding and minimize duplication of efforts.

5. Morris Nichols's attorneys have knowledge and experience in bankruptcy, reorganization, litigation, corporate governance and other areas that are or may be relevant to this chapter 11 case.

6. Insofar as I have been able to ascertain, Morris Nichols does not have any material connection with the Debtor, its significant stakeholders, or any other parties in interest herein or its respective attorneys or accountants, other than as described in this Declaration.

7. Furthermore, to the best of my knowledge, upon reasonable inquiry, neither I nor any professional of the Morris Nichols team that is providing services to the Debtor is a creditor of the Debtor.

8. Due to the size and diversity of Morris Nichols's practice, Morris Nichols may have represented or otherwise dealt with or may now be representing or otherwise dealing with certain entities or persons (and their attorneys or accountants or both) who are or may consider

---

[3] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Morris Nichols and are based on information provided by them.

themselves to be creditors, equity security holders, or parties interested in this chapter 11 case. However, Morris Nichols does not and will not represent any entity other than the Debtor in connection with this case.

9. In addition, Morris Nichols is or has been engaged in a number of matters in which attorneys and other professionals representing various parties in interest in this case are also involved; in a number of cases Morris Nichols and those professionals represent or have represented the same clients. Moreover, due to the nature and size of its practice, Morris Nichols has or has had relationships as Delaware counsel, co-counsel, or referring counsel with many major law firms in most, if not all, major cities in the United States, which includes law firms representing creditors or other parties in interest in this case; all such relationships are on matters unrelated to this case. Morris Nichols is also a member of certain lawyer associations and networks, including the TerraLex network and ALAS, a mutual insurance company owned by law firms, which may include law firms representing creditors or other parties in interest in this case. Furthermore, Morris Nichols, as part of its practice, also has and continues to represent agents, trustees and similar entities in bankruptcy cases in which participants in the related facilities may be or believe they are creditors or other parties in interest in the above-captioned bankruptcy case; Morris Nichols does not represent these participants and they are not generally part of Morris Nichols's conflict system.

10. Morris Nichols has conducted, and continues to conduct, research into its relations with the Debtor, its creditors, and other parties interested in this case. As part of this inquiry, Morris Nichols obtained the names of individuals or entities that may be parties in interest in this chapter 11 case (the "Potential Parties in Interest") annexed hereto as **Schedule 1**. Morris Nichols then entered the names of the Potential Parties in Interest into a computer

database containing the names of all clients and conflict information concerning the clients of Morris Nichols. This inquiry revealed that certain of the Potential Parties in Interest were current or former Morris Nichols clients (the list of such clients is referred to herein as the "Client Match List").[4]

11. Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Morris Nichols attorneys responsible for certain clients listed on the Client Match List, Morris Nichols determined that the representation of the clients on the Client Match List concerned matters unrelated to this chapter 11 case. In particular, to the best of my knowledge, information and belief, (a) Morris Nichols currently serves as counsel to those entities, and/or affiliates of those entities, identified on the schedule annexed hereto as **Schedule 2** on matters unrelated to this chapter 11 case; and (b) Morris Nichols formerly represented those entities, and/or affiliates of those entities, identified on the schedule annexed hereto as **Schedule 3** on matters unrelated to this case since December 27, 2020. Although Morris Nichols values all of its clients, none of the entities listed on the Client Match List represent significant financial revenues for Morris Nichols.[5] Morris Nichols's computer database covers a period of time prior to December 27, 2020; however, as a matter of practice, Morris Nichols has not listed on **Schedule 3** former clients for such prior period (consistent with the disinterested time frame of two years).

---

[4] To the extent that a client entity disclosed in either **Schedule 2** or **Schedule 3** attached to the Dehney Declaration is not an "affiliate" (as such term is defined in section 101(2) of the Bankruptcy Code) of or is otherwise unrelated to a Potential Party in Interest, such Client Match Entity shall not be construed as an affiliate of or entity related to such Potential Party in Interest and Morris Nichols reserves all rights with respect thereto.

[5] None of the entities listed on the Client Match List represent greater than 1% of Morris Nichols's revenue over the last 2 years.

4

12. Delaware Corporate Organizers, Inc., which provides no legal services, is a wholly owned subsidiary of Morris Nichols, and serves as registered agent for certain Delaware corporations (for which services no attorney-client relationship exists), performs various non-legal corporate services and may serve as registered agent and/or performed other non-legal corporate services for parties who are connected to this case.

13. Other than as set forth herein, Morris Nichols is neither a creditor of the Debtor, an equity holder of the Debtor, nor an insider of the Debtor. For so long as it represents the Debtor, Morris Nichols will not represent any entities other than the Debtor in connection with this chapter 11 case.

14. Morris Nichols does not represent any interest adverse to the Debtor or the Debtor's estate in the matters upon which Morris Nichols is proposed to be engaged.

15. Morris Nichols is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) in that it:

    a. Is not a creditor (including by reason of unpaid fees and expenses for prepetition services), equity security holder or insider of the Debtor;

    b. Is not and was not, within two (2) years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of any of the Debtor; and

    c. Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

16. In connection with this chapter 11 case, Morris Nichols was retained by the Debtor under an advance payment retainer pursuant to an engagement letter executed by the Debtor on December 26, 2022 (the "Engagement Agreement").

17. Prior to the initiating this chapter 11 case, Morris Nichols received an advance payment retainer of $50,000.00 on December 27, 2022. As a result, Morris Nichols currently holds a balance of $50,000.00 as an advance payment for services to be rendered and expenses to be incurred in connection with its representation of the Debtor (the "<u>Advance Payment</u>").

18. Morris Nichols has not been paid any other compensation by the Debtor within the ninety days before the Petition Date and Morris Nichols is not a creditor of the Debtor.

19. As promptly as practicable after all fees and charges that accrued prior to the chapter 11 case have been finally posted (the "<u>Final Billed Amount</u>"), Morris Nichols will issue a final billing statement (the "<u>Final Billing Statement</u>") for the actual fees, charges, and disbursements for the period prior to the chapter 11 case. The Final Billed Amount (net of payments received) shall be paid from the Advance Payment and the balance, if any, will be held as a postpetition advance payment to be applied against any unpaid fees and expenses approved by the Court with respect to Morris Nichols's final fee application in this case.

20. Subject to Court approval in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, and the orders and Local Rules of this Court, the Debtor proposes to pay Morris Nichols the following hourly rates in effect from time to time as set forth herein, plus reimbursement of actual, necessary expenses incurred by Morris Nichols on the Debtor's behalf. The following are Morris Nichols's currently hourly rates for work of this nature:

| | |
|---|---|
| Partners | $825–1,595 |
| Associates and Special Counsel | $505–915 |
| Paraprofessionals | $375–395 |
| Case Clerks | $195 |

21. Morris Nichols will comply with all of the requirements of this Court, the Bankruptcy Code and the Bankruptcy Rules with respect to fee and expense applications of professionals employed by bankruptcy estates. Morris Nichols will seek interim and final

approval of payment of compensation and reimbursement of expenses in connection with this case pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the applicable orders and Local Rules of this Court.

22. All filing fees in this chapter 11 case have been paid.

23. Morris Nichols intends to use its reasonable best efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "Appendix B Guidelines"). To that end, Morris Nichols provides the following statements in response to the request for additional information set forth in Part D.1. of the Appendix B Guidelines:

> **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> **Response:** No.
>
> **Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
>
> **Response:** No.
>
> **Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
>
> **Response:** In connection with the chapter 11 case, Morris Nichols was retained by the Debtor pursuant to the Engagement Agreement dated December 23, 2022. The material terms of the prepetition restructuring engagement are the same as the terms described herein.
>
> For work performed for the Debtor in 2022, Morris Nichols's hourly rates were as follows:

7

| | |
|---|---|
| Partners | $800–1,500 |
| Associates and Special Counsel | $485–875 |
| Paraprofessionals | $360–380 |
| Case Clerks | $195 |

As set forth in the Engagement Agreement, Morris Nichols has yearly, hourly rate increases. As of January 1, 2023 Morris Nichols' hourly rates are follows:

| | |
|---|---|
| Partners | $825–1,595 |
| Associates and Special Counsel | $505–915 |
| Paraprofessionals | $375–395 |
| Case Clerks | $195 |

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:** Morris Nichols and the Debtor are working on a budget and staffing plan for the chapter 11 case.

24.  Further, Morris Nichols and its partners, counsel and associates have not received, agreed to, or been promised any compensation in connection with its representation of the Debtor in this case other than as set forth in the Application.

25.  Morris Nichols has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Morris Nichols, or (b) any compensation another person or party has received or may receive.

26.  The proposed employment of Morris Nichols is not prohibited by or improper under Bankruptcy Rule 5002. Except as disclosed herein, I am not related, and to the best of my knowledge, information, and belief, no attorney at the Morris Nichols is related, to any United States Bankruptcy Judge or District Court Judge for the District of Delaware or to the United States Trustee for such district or any employee in the office thereof.

27. By reason of the foregoing, I believe that Morris Nichols is eligible for retention and employment as bankruptcy co-counsel for the Debtor pursuant to sections 327(a) and 1107(b) and the applicable Bankruptcy Rules and Local Rules.

Executed on: January 26, 2022
             Wilmington, Delaware

*/s/ Robert J. Dehney*
Robert J. Dehney

# Schedule 1

# Potential Parties in Interest List

**All Non-Debtor Subsidiaries**
    Community Investors Inc. d/b/a FRONTSTEPS
    Investors Acquisition Co.
    AtHomeNet, Inc.
    AssociationReady, Inc.
    AssociationVoice, LLC
    947893 B.C. Unlimited Liability Company
    CapSure Acquisition Co.
    Real Pro Holdings, Inc.
    dwellingLive, Inc.
    iHF, Inc.
    Evercondo Holdings
    Everapps, Inc.

**Current Directors and Officers**
    Thomas Radford
    Brian Burke

**Certain Former Directors and Officers**
    Matt DeWolf
    Troy Nguyen

**Current or Known Major Shareholders**
    Falcon Structured Equity Partners, LP
    Honeywell International Inc. Master Retirement Trust
    Twin Brook Capital Partners
    Madison Capital Funding Co-Investment Fund LP
    NXT Capital, Inc.
    John Donaldson
    Joseph Cheung
    Seng Ming Tan
    Ken Wilson

**Top 50 Unsecured Creditors**

    The Debtor has requested an extension of the time to file the Debtor's Statement of Financial Affairs and Schedules of Assets and Liabilities. As of the filing of this Application, the Debtor is still collecting information concerning the Debtor's financial condition, and reserves the right to supplement this list of Potential Parties in Interest.

**Significant Lenders/Trustees/Agents/Other Known Debtholders/etc.**
    Twin Brook Capital Partners LLC

**Restructuring Advisors to Certain Creditors and Other Potential Parties In Interest**
    Young Conaway Stargatt & Taylor, LLP

Katten Muchin Rosenman LLP
Choate Hall & Stewart LLP
Gordian Group, LLC
Cahill Gordon & Reindel LLP

**Significant Depository Banks**

(Nonapplicable)

**Significant Vendors of the Debtor**

(Nonapplicable)

**Significant Contract/Lease Counterparties to the Debtor**

(Nonapplicable)

**Significant Customers of the Debtor**

(Nonapplicable)

**Significant Taxing Authorities**

(Nonapplicable)

**Significant Insurers**

      CHUBB/Scottsdale Insurance Company, Federal Insurance Company

**Significant Ordinary Course Professionals**

(Nonapplicable)

**Adversaries in Material Litigation**
      Twin Brook Capital Partners LLC

**U.S. Trustee, Judges, and Court Contacts for the District of Delaware**
    **United States Bankruptcy Judges (Delaware)**
        Judge Ashley M. Chan
        Judge John T. Dorsey
        Judge Craig T. Goldblatt
        Judge Karen B. Owens
        Chief Judge Laurie Selber Silverstein
        Judge Brendan L. Shannon
        Judge J. Kate Stickles
        Judge Mary F. Walrath
    **Office of the United States Trustee**
        Andrew R. Vara
        Angelique Okita
        Benjamin Hackman
        Christine Green

David Buchbinder
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Michael Panacio
Nyanquoi Jones
Ramona Harris
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
T. Patrick Tinker
Timothy J. Fox, Jr.

## **Schedule 2**

  Morris Nichols does not currently represent any Potential Parties in Interest and/or affiliates thereof.

# **Schedule 3**

Morris Nichols formerly represented the Potential Parties in Interest and/or affiliates thereof identified below on matters unrelated to this chapter 11 case.

Certain affiliates of Honeywell International, Inc. Master Retirement Fund
Certain affiliates of Metropolitan Life Insurance Company