IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CII PARENT, INC.,[1]<br><br>              Debtor. | Chapter 11<br><br>Case No. 22-11345 (LSS)<br><br>Ref. Docket No. 12 |

**RESPONSE OF COMMUNITY INVESTORS, INC.
AND CERTAIN OF ITS SUBSIDIARIES
TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER ENFORCING
<u>THE AUTOMATIC STAY AND GRANTING RELATED RELIEF</u>**

Community Investors, Inc. ("<u>Community Investors</u>") and certain of its direct and indirect subsidiaries and operating affiliates (the "<u>OpCos</u>" and together with Community Investors, collectively, "<u>Frontsteps</u>" or the "<u>Company</u>") hereby file this response (the "<u>Response</u>") to the *Debtor's Motion for Entry of an Order Enforcing the Automatic Stay and Granting Related Relief* [Docket No. 12] (the "<u>Motion</u>") and respectfully state as follows:

1. Frontsteps is comprised of a series of operating entities that provide leading end-to-end management software for homeowners' associations. Certain of these entities are borrowers or guarantors under that certain Credit Agreement dated as of May 15, 2019 (the "<u>Credit Agreement</u>") among the CII Parent, Inc. as parent guarantor, the debtor and debtor in possession in the above-captioned case (the "<u>Debtor</u>"), Community Investors and the other Loan Parties (as defined therein), the financial institutions party thereto from time to time as "Lenders," and Twin Brook Capital Partners, LLC, in its capacity as agent for the Lenders (in such capacity, the "<u>Agent</u>").

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: CII Parent, Inc. (4706). The location of the Debtor's address is 21 Custom House Street, Boston, MA 02110.

2.      On December 21, 2022, the Agent exercised proxy voting rights granted by the Debtor in connection with the Credit Agreement to appoint new boards of directors at the Debtor's direct subsidiary, Community Investors, and certain of the OpCos. As a result of the proxy exercise, Frontsteps' board is now comprised of four independent directors who collectively have more than one hundred years of workout and operational experience, plus the company's existing CEO.

3.      Ever since the Agent exercised its proxy rights, the Frontsteps management team has been particularly focused on continuing to operate the Company in the ordinary course, with the goal of maximizing the Company's value for the benefit of all parties-in-interest.  In furtherance of this goal, Frontsteps and the Agent recently negotiated and entered into a forbearance agreement whereby the Agent has agreed to refrain from exercising additional remedies under the Credit Agreement for a period of time, with the related goal of allowing Frontsteps to focus on the operation of the business.

4.      A week after the proxy exercise, on December 27, 2022 (the "Petition Date"), the Debtor commenced this chapter 11 proceeding.  Neither Community Investors nor any of the OpCos have filed for bankruptcy and Frontsteps is therefore not a part of this chapter 11 case. Specifically, because the Debtor's sole asset is its direct ownership of 100% of Community Investors' stock, Frontsteps' assets are not part of the bankruptcy estate and neither Frontsteps nor its management is subject to the automatic stay. *See Equity Broad. Corp. v. Shubert (in Re Winstar Communs. Inc.)*, 284 B.R. 40, 51 (Bankr. D. Del. 2002) (holding that a lawsuit against a non-debtor subsidiary does not violate the automatic stay, even if such lawsuit may impact the value of the stock that the parent-debtor owns, as it does not "alter the Bankruptcy estate's right, liabilities, options or freedom of action" and that "ownership of all of the outstanding stock of

[the subsidiary] by the [parent-debtor] does not confer jurisdiction on the Bankruptcy Court to decide disputes involving [the subsidiary's] assets."); *Kreisler v. Goldberg*, 478 F.3d 209, 214-15 (4th Cir. 2007) (holding that where a debtor-parent owns all of the shares of a non-debtor, the property of the non-debtor subsidiary is not property of the estate); *In re Calvert*, 135 B.R. 398, 402 (Bankr. S.D. Cal. 1991) (holding that a debtor's non-debtor subsidiary is a separate legal entity that may "act through its duly constituted board and officers, even though those actions may have an effect on the value of shares of stock held by the estates of debtors . . . [and therefore] the automatic stay does not apply to actions of the board of the [subsidiary].").

5. On January 13, 2023, the Debtor filed the Motion, requesting, *inter alia*, a court order to undo the proxy exercise by removing the Company's corporate directors in place as of the Petition Date and reinstating the pre-proxy board members.

6. Frontsteps is concerned that the Debtor's bankruptcy filing and the Motion in particular risk impeding management's efforts to continue operating the business in the ordinary course. This bankruptcy proceeding more generally offers no discernable benefit to Frontsteps, who is not a party in the bankruptcy. As discussed above, neither Frontsteps nor its creditors are subject to the automatic stay. Additionally, the Debtor has not filed any pleadings seeking to restructure amounts owed under the Credit Agreement, nor is there any indication that such a restructuring is possible.

7. The Motion in particular is unhelpful because it creates the false perception that the Company is embroiled in a bankruptcy dispute, when in fact neither the Company nor its assets are subject to the automatic stay. The current governance dispute is a two-party conflict between the Agent and the Debtor's private equity sponsor, whereas the Company remains focused on continuing business as usual and maximizing value for all stakeholders.

| | |
|---|---|
| Date: January 27, 2023<br>Wilmington, Delaware | **RICHARDS, LAYTON & FINGER, PA**<br><br>*/s/ Matthew P. Milana*<br>Daniel J. DeFranceschi (No. 2732)<br>John H. Knight (No. 3848)<br>Matthew P. Milana (No. 6681)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>defranceschi@rlf.com<br>knight@rlf.com<br>milana@rlf.com<br><br>-and-<br><br>**CHOATE, HALL & STEWART LLP**<br>Douglas R. Gooding (*pro hac vice* admission pending)<br>John F. Ventola (*pro hac vice* admission pending)<br>M. Hampton Foushee (*pro hac vice* admission pending)<br>Two International Place<br>Boston, MA 02110<br>Telephone: (617) 248-5000<br>dgooding@choate.com<br>jventola@choate.com<br>hfoushee@choate.com<br><br>*Counsel for Frontsteps* |